IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY TUTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-282-RK |
| ) | |
| FREUD AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT &
DEMAND FOR JURY TRIAL**

Comes now Plaintiff, individually and on behalf of similarly situated plaintiffs, for his first amended complaint for damages against Defendant Freud America Inc. d/b/a Diablo Tools ("Defendant").

**NATURE OF ACTION**

1. Plaintiff brings this action on his own behalf and as a representative of a class of persons consisting of all individuals who purchased a Diablo Tools bonded abrasive wheel ("Defective Product")1 that was manufactured, produced, distributed, and/or sold by Defendant. This matter arises out of negligent acts, errors and omissions committed by the Defendant against Plaintiff causing Plaintiff and the putative class to suffer economic injury.

2. Plaintiff brings this action individually and as a class representative to recover damages for violations of Missouri Merchandising Practices Act, Mo. Ann. Stat. §§ 407.010 *et seq*. and breach of implied warranties, among other claims, for economic and injunctive relief

---

[1] Defendant manufactures at least 30 different types of bonded abrasive wheels under the "Diablo Tools" brand. They all suffer from the same defect: a failure to include an expiration label.

against Defendant which manufactured, tested, distributed, promoted and sold the Defective Product.

3. Plaintiff, on behalf of himself and the putative class, seeks a refund for monies paid as a result of his purchase of the Defective Product, and further seeks injunctive relief, enjoining Defendant from selling the Defective Product without a clear expiration warning and label.

## PARTIES

4. Defendant Freud America Inc. d/b/a Diablo Tools is incorporated in the state of North Carolina and is registered in the state of Missouri and can be served at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101. Defendant is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Product.

5. Plaintiff Jeffrey Tuter is a resident and citizen of the state of Missouri. Plaintiff is a "person" and has purchased one or more of the Defective Products in a "sale" in Missouri within the last two years, as those terms are defined in § 407.010 R.S.Mo. At the time the product was purchased, Plaintiff was unaware that the product was defective and that the product was not fit for the ordinary purposes for which the product is used in that, when used as reasonably anticipated, the Defective Product gives way, cracks, splits, explodes, and fails if used after its shelf life.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff brings this action on behalf of a class which numbers in the thousands, (2) Plaintiff and Defendant are citizens of different states, and (3) the aggregate amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d).

7.      This Court has personal jurisdiction over Defendant in that Defendant transacts business within the state of Missouri and/or committed unlawful acts within the state of Missouri. Defendant designs, manufactures, processes, distributes, installs, uses, and/or sells dangerous and/or defective products in Missouri. Defendant placed the Defective Product and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed unlawful acts in Missouri from which Plaintiff's claims arise.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events that gave rise to the claims in this case occurred in this District in that the purchase of the Defective Product by Plaintiff took place in Kansas City, Missouri.

## FACTUAL ALLEGATIONS

9.      Defendant manufactures, produces, distributes and sells at least thirty different types of the Defective Product under the "Diablo Tools" brand. Bonded abrasive wheels, such as here, are used to cut metal and concrete. The wheels are attached to power tools (e.g., angle grinders, chop saws) that spin at speeds in excess of 5,450 RPM to 20,000 RPM:




10. Defendant failed to disclose, concealed, reveal, or otherwise provide notice to consumers, including Plaintiff, in Defendant's advertising, packaging, labeling or otherwise that these products were defective.

11. The Defective Products are not fit for the ordinary purposes for which the products are used in that they cannot be safely or reliably used because they expire. There is no way for a reasonable consumer to know these products expire, including when they expire and if they have already expired. Simply put, Plaintiff and the Class are left in the dark about material facts (i.e., the expiry date) in violation of industry standards, the MMPA and implied warranty.

12. As a result, these products are worthless because consumers, including Plaintiff, cannot use them because they do not know if they have already expired or if the expiration date is imminent such that the product will give way, crack, split, explode and fail.

13. Defendant knew its Defective Product expired and created an unreasonable risk of giving way, cracking, splitting, exploding, failing, and harming consumers, yet it failed to warn Plaintiff and all other similarly situated consumers about this risk.

14. Industry standards required Defendant to include a clear expiration date on the label. For example, the Health and Safety Executive Committee states in its *Safety in the use of abrasive wheels* handbook the following, "All organic bonded wheels for hand-held applications **will bear a use-by date** of three years from the date of manufacture." (emphasis added).

15. Defendant had the capability and means to create an alternative label that clearly warned about the expiration date, yet it failed to do so.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the following proposed Class of similarly situated persons:

5

> All persons who purchased one or more Diablo-brand bonded abrasive wheels, identified in Exhibit A attached, at retail in the United States and its territories between January 1, 2017 and the date Preliminary Approval is granted.

17. Plaintiff asserts the MMPA claim only on behalf of members of the Class whose purchases occurred in the state of Missouri primarily for personal, family, or household purposes.

18. Plaintiff asserts the breach of implied warranty claims on behalf of the Class of all similarly situated persons as described above.

19. Excluded from the Class are (i) Defendant and its employees; (ii) any person who properly and timely opts out; (iii) federal, state, and local governments (including all agencies and subdivisions thereof (but employees thereof are not excluded); and (iv) any judge who presides over the consideration of whether to approve the settlement of this class action and any member of their immediate family.

20. The proposed Class meets all requirements for class certification. The Class satisfies the numerosity standards. The Class is believed to number in the thousands of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action by published and broadcast notice.

21. There are questions of fact and law common to the Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

    a. Whether, in marketing and selling the Defective Product, Defendant failed to disclose the dangers and risks of the Defective Product;

    b. Whether Defendant failed to disclose and/or concealed the material fact that the Defective Product expired;

    c. Whether Defendant knew or should have known that using the Defective Product after it expires can cause it to fail and lead to serious injuries;

6

d. Whether Defendant adequately tested the Defective Product prior to distribution and sales in the market place;

e. Whether Defendant continued to manufacture, market, distribute, and sell the Defective Product notwithstanding its knowledge of the products' dangerous nature and risks of expiration;

f. Whether Defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Product from the consuming public;

g. Whether Defendant's conduct violated Missouri's Merchandising Practices Act;

h. Whether Defendant's conduct violated the implied warranty of merchantability.

22. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

23. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

24. The claims of Plaintiff are typical of the claims of the class members. The labels and packaging of products purchased by Plaintiff were identical to the labels and packaging of

products purchased by all Class members. Based upon information and belief, none of the Defective Products sold by Defendant provided a clearly identified expiration date on the label or packaging of the product. Therefore, the information provided by Defendant to Plaintiff and all class members was identical.

25. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interest does not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by the Plaintiff and his undersigned counsel, who have extensive experience prosecuting complex class action litigation.

26. Plaintiff seeks a refund of monies paid as a result of his purchase of the Defective Product, that occurred following Defendant's wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion labeling and/or selling of the Defective Product.

27. Plaintiff specifically excludes from this class action any damages, losses, or other relief of any kind arising from the personal injuries suffered by those class members personally injured by the Defective Product because it failed when used after the expiration date. This class action seeks only the economic and injunctive relief requested herein to which class members are entitled under the Missouri Merchandising Practices Act and the implied warranty of merchantability.

28. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action since the Defective Product costs less than ten dollars individually. In addition, the maintenance of separate actions would place a substantial

and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

29. Notice can be provided to Class members by using techniques and forms of notice similar to those customarily used in other defective-product cases and complex class actions.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICE ACT

30. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint. The acts and practices engaged in by Defendant, and described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the Missouri Merchandising Practices Act, Mo. Ann. Stat. §§ 407.010 *et seq*.

31. Defendant engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of material facts—specifically, the failure to include a clear expiration date—in connection with the sale, distribution or advertisement of the Defective Product violation of Mo. Rev. Stat. § 407.020.

32. Plaintiff purchased the Defective Product, a product that was falsely represented, as stated above, in violation of the Missouri Merchandising Practices Act and as a result Plaintiff suffered economic damages in that the product he purchased was worth less than the product he thought he had purchased had Defendant not omitted material facts.

33. Plaintiff and the Class acted as reasonable consumers would in light of all circumstances.

34. Defendant's actions and omissions would cause a reasonable person to enter in the sale and transaction that resulted in damages to Plaintiff and the Class.

35. As a result of Defendant's actions and omissions, Plaintiff and the Class suffered economic damages that can be calculated with a reasonable degree of certainty, including a refund of the monies paid as a result of their purchases.

36. Plaintiff and the Class also seek injunctive relief, enjoining Defendant from selling the Defective Product without a clear and unambiguous expiration date.

37. At the time of Defendant's design, manufacture, processing, distribution, sale and/or use of the Defective Product, Defendant knew of the dangerous condition of said product and supplied it with deliberate and/or intentional disregard for making any warning, instruction, or other precaution to prevent injuries and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendant specifically placed profits ahead of the health and safety of others by intentionally omitting and concealing material facts about the Defective Product's expiration date. Defendant's conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and the Class.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT II – BREACH OF IMPLIED WARRANTY

38. Plaintiff re-alleges and incorporates herein all other allegations in this Petition.

39. Defendant is a merchant with respect to the sale of the Defective Products purchased by Plaintiff.

40. Defendant, by selling the Defective Products, impliedly warranted that the product was merchantable with respect to goods of that kind.

41. Defendant sold or caused to be sold the Defective Product to Plaintiff through a retail store location.

42. The Defective Product sold by Defendant to Plaintiff did not conform with the implied promises that accompanied their sale. Specifically, by failing to include a clearly identified expiration date, Defendant implied that the Defective Product had no expiration date or shelf life when in fact it does, and after such expiration date or shelf life, the product cannot be safely used.

43. As a result of the failure to provide a clearly marked or identified expiration date on the Defective Product or its packaging, the Defective Products were not merchantable and Defendant breached its implied warranty of merchantability with respect to the Defective Products.

44. Had Plaintiff known that the Defective Products had an expiration date or shelf life, he would not have purchased them or would have paid significantly less for the product. As a result of Defendant's breach of implied warranty, Plaintiff and the Class have suffered economic injuries.

45. Defendant was provided notice and a demand for cure through the mailing of a preservation and demand letter sent on March 10, 2022 to Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

    a. That the Court enter an order certifying the Class, appointing Plaintiff as a representative of the Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Class;

    b. For a judgment against Defendant for the causes of action alleged against it;

c. For damages in an amount to be proven at trial;

d. For appropriate injunctive relief, enjoining the Defendant from selling the Defective Product and ordering it to warn consumers that the Defective Product expires;

e. For attorney's fees;

f. For Plaintiff's costs incurred; and

g. For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 2, 2023

Respectfully submitted,

HUMPHREY, FARRINGTON, & McCLAIN, P.C.

*/s/ Paul D. Anderson*
Kenneth B. McClain MO Bar #32430
Paul D. Anderson MO Bar #65354
Jonathan M. Soper MO Bar #61204
Nichelle L. Oxley MO Bar #65839
221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
pda@hfmlegal.com
jms@hfmlegal.com
nlo@hfmlegal.com

Attorneys for Plaintiff and the Putative Class

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's electronic filing system this 2nd day of August, 2023.

>   */s/ Paul D. Anderson*
> ATTORNEY FOR PLAINTIFF

# EXHIBIT A
# COVERED PRODUCTS

| **Item Number** | **Description** |
|---|---|
| DBD140109A01F | DIABLO 14X7/64X1 CHOP SAW |
| DBD014109A01F | DIABLO 14X7/64X1 CHOP SAW |
| DBD030045105F | DB 3 X .045 X 3/8 MT CO T1 5PK |
| DBD040040101F | DB 4X0.040X5/8IN MTL CO 1 TKERF |
| DBD040040125F | DIABLO 4 X.40'X5/8 METAL 25PK |
| DBD040125701C | DB 4X1/8X5/8IN MASONRY DC CO 27 |
| DBD040125701F | DB 4X1/8X5/8IN MTL DC CUT OFF27 |
| DBD040250701C | DB 4X1/4X5/8 MSNRY DC GRND CO27 |
| DBD040250701F | DB 4X1/4X5/8IN METAL DC GRNDG27 |
| DBD045040101F | DB 4-1/2X.040X7/8 MTL CO1 TKERF |
| DBD045040115F | DIABLO 4-1/2 X .040 X7/8 METAL |
| DBD045040125F | DIABLO 4-1/2 X.040 X7/8 METAL |
| DBD045063701F | DB 4-1/2X1/16X7/8IN MTL DC CO27 |
| DBD045063710F | DIABLO 4-1/2 X1/16 X7/8 METAL |
| DBD045125701C | DB 4-1/2X1/8X7/8 MSNRY DC CO 27 |
| DBD045125701F | DB 4-1/2X1/8X7/8IN MTL DC CO 27 |
| DBD045125X01F | DB 4-1/2X1/8X7/8 MTL DC DUALC&G |
| DBD045250701C | DB 4-1/2X1/4X7/8 MSNRY DC GRD27 |
| DBD045250701F | DB 4-1/2X1/4X7/8IN MTL DC GRD27 |
| DBD045250B01F | DB 4.5X1/4X5/8-11 MT DC GRD HUB |
| DBD050040101F | DB 5X.040X7/8IN MTL CO 1 TKERF |
| DBD050040110F | DIABLO 5 X.040 X7/8 METAL 10PK |
| DBD050045701F | DB 5X.045X7/8 MT C/O T27 DC TK |
| DBD050063101C | DB 5X1/16X7/8IN MASONRY CUTOFF1 |
| DBD050125X01F | DB 5X1/8X7/8 MTL DC DUALC&G 27 |
| DBD050250701F | DB 5X1/4X7/8IN METAL DC GRNDG27 |
| DBD060045101F | DB 6X.045X7/8IN MTL CO 1 TKERF |
| DBD060045110F | DIABLO 6 X.045X7/8 METAL CUT |
| DBD060045701F | DB 6X.045X7/8 MT C/O T27 DC TK |
| DBD065125L01C | DB 6-1/2X1/8X5/8IN MSNRY CIR CO |
| DBD065125L01F | DB 6-1/2X1/8X5/8IN METAL CIR CO |
| DBD070063701F | DB 7X1/16X7/8IN METAL DC CO 27 |
| DBD070125L01F | DB 7X1/8X5/8IN METAL CIR CUTOFF |
| DBD070250B01C | DB 7X1/4X5/8-11 MSNRY DC GR 27H |
| DBD070250B01F | DB 7X1/4X5/8-11 MTL DC GRNDG27H |
| DBD090094101F | DIABLO 9 X 3/32 X 7/8 METAL C/O |
| DBD100093L01C | DB 10X3/32X5/8IN MSNRY CUT OFF |
| DBD100093L01F | DB 10X3/32X5/8IN METAL CUT OFF |
| DBD120125A01C | DB 12X1/8X1IN MSNRY HISPEED CO |
| DBD120125A01F | DB 12X1/8X1IN METAL HISPEED CO |
| DBD120125G01C | DB 12X1/8X20MM MSNRY HISPEED CO |
| DBD120125G01F | DB 12X1/8X20MM METAL HISPEED CO |

| | |
|---|---|
| DBD140109A01C | DB 14X7/64X1IN MASONRY CHOP SAW |
| DBD140125A01C | DB 14X1/8X1IN MSNRY HISPEED CO |
| DBD140125A01F | DB 14X1/8X1IN METAL HISPEED CO |
| DBD140125G01C | DB 14X1/8X20MM MSNRY HISPEED CO |
| DBD140125G01F | DB 14X1/8X20MM METAL HISPEED CO |
| DBDS12125A01F | DB SD 12X1/8 X1IN MT HISPEED CO |
| DBDS12125G01F | DB SD 12X1/8 X20MM MT HSPEED CO |
| DBDS14125A01F | DB SD 14X1/8 X1IN MT HISPEED CO |
| DBDS14125G01F | DB SD 14X1/8 X20MM MT HSPEED CO |
| DBDS45045101F | DB SD 4.5X.045X7/8 MT C/O T1 TK |
| DBDS45045701F | DB SD 4.5X.045X7/8 MT CO T27 TK |
| DBDS45250701F | DB SD 4.5X1/4X7/8 MT GRD |
| DBDS45250B01F | DB SD 4.5X1/4X5/8-11 MT GRD HUB |
| DBDS50045101F | DB SD 5X.045X7/8 MT C/O T1 TK |
| DBDS60045101F | DB SD 6X.045X7/8 MT C/O T1 TK |
| DBDS70063701F | DB SD 7X1/16X7/8 MT C/O T27 |
| DBX045045101F | DB 4.5X.045XX-LOCK MT CO T1 TK |
| DBX045045105P | DB 4.5X.045 XLOCK MT CO T1 5PK |
| DBX045063101C | DB 4.5X1/16XX-LOCK MA CO T27 DC |
| DBX045063701F | DB 4.5X1/16XX-LOCK MT CO T27 DC |
| DBX045063705P | DB 4.5X1/16 XLOCK MT CO T27 5PK |
| DBX045250701C | DB 4.5X1/4XX - LOCK MAS GRD |
| DBX045250701F | DB 4.5X1/4XX-LOCK MT GRD |
| DBX045250703P | DB 4.5X1/4 XLOCK MT GRD T27 3PK |
| DBX050045101F | DB 5X.045XX-LOCK MT CO T1 TK |
| DBX050063701F | DB 5X1/16XX-LOCK MT CO T27 DC |
| DBX050250701F | DB 5X1/4XX - LOCK MT GRD |
| DBX060063101F | DB 6 X 1/16 X-LOCK MT CO T1 |
| DBX060125701F | DB 6 X 1/8 X-LOCK MT CO T27 DC |
| DBX060250701F | DB 6 X 1/4 X-LOCK MT GRD |